# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-1789

SHAWN MILLER, an individual, and IRIS MILLER, an individual,

       Plaintiffs,

v.

I.Q. DATA INTERNATIONAL, INC., a Washington corporation,

       Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiffs Shawn and Iris Miller ("**Plaintiffs**"), individual consumers, against I.Q. Data International Inc. (the **"Debt Collector"**) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("**FDCPA**") and the Colorado Fair Debt Collection Practices Act, C.R.S. § 12-14-101 *et seq*. (**"CFDCPA"**).

2. This is a case about the Debt Collector's false, misleading, and defamatory representations regarding the amount of Plaintiffs' debt.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that the Debt Collector transact business in this District, specifically, the Debt Collector engages in commercial activities here by collecting debts in this District, and the conduct complained of occurred in this District.

## PARTIES

6. Plaintiffs are individuals and reside in Denver County, Colorado.

7. Plaintiffs each are a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiffs are each a "consumer", as that term is defined by C.R.S. § 12-14-103(4).

9. The Debt Collector is a Washington Corporation that does business in Colorado.

10. The Debt Collector has an instate location at 1597 Cole Boulevard, Suite 150, Lakewood, CO 80401.

11. The Debt Collector's registered agent is the Corporation Service Company, located at 1560 Broadway, Suite 2090, Denver, CO 80202.

12. The Debt Collector is a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

13. The Debt Collector is a "collection agency" as that term is defined under C.R.S. § 12-14-103(2)(a).

14. The Debt Collector uses the instrumentalities of interstate commerce or the mail to collect debts and its principal purpose is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15.     The Debt Collector furnishes and reports information regarding consumers for inclusion in credit reports to one or more credit reporting bureaus including Equifax, Experian, and Transunion.

## LEGAL BACKGROUND

**The Fair Debt Collection Practices Act**

16.     In passing the FDCPA, Congress noted, "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

## FACTS

17.     Plaintiffs rented an apartment from the Fairways at Racoon Creek (**"Original Creditor"**).

18.     Plaintiffs' lease terminated on January 18, 2017.

19.     According to Plaintiffs' lease, if Plaintiffs wanted to terminate their agreement early, Plaintiffs needed to give notice to the Original Creditor.

20.     Plaintiffs would then be responsible for the remainder of the lease term.

21.     If Plaintiffs wanted to avoid paying the remainder of lease term, Plaintiffs could elect the early termination option.

22.     In order for the early termination option to be effective, the lease requires that Plaintiffs give notice of their intent to elect the early termination option, pay an early termination option fee of $1,667, and the Original Creditor must sign Plaintiffs' notice.

23.     Otherwise, Plaintiffs would be responsible for the remainder of the lease term.

24.     On November 6, 2016, Plaintiffs gave the Original Creditor notice that they would be terminating their lease by the end of the month.

25. Plaintiffs' lease ended on January 18, 2017.

26. Plaintiffs did not give notice that they were electing to exercise their early termination option.

27. Nor did Plaintiffs pay the Original Creditor the early termination option fee.

28. The Original Creditor charged Plaintiffs the early termination option fee anyway, as well as an insufficient notice fee of $1,667.

29. Plaintiffs should only have been required to pay their rent from December 1, 2016, through January 18, 2017, in the amount of $2,634.93.

30. Instead, the Original Creditor charged Plaintiffs $3,599 (the **"First Debt"**).

31. The Original Creditor then deducted Plaintiffs pet deposit ($300) and requested payment of the security bond ($500) from the security bond creditor and credited it towards the First Debt.

32. After application of the pet deposit and security bond, the principal amount of the First Debt is $2,799 (the "**First Debt**").

33. The security bond creditor also asserted a $500 debt against Plaintiffs (the **"Second Debt"**).

34. Thereafter, the Original Creditor and the security bond creditor assigned the both the First Debt and Second Debt (the **"Debts"**) to the Debt Collector.

35. The Debts are each a "Debt" as that term is defined under the FDCPA as well as the CFDCPA.

36. The Debts were incurred by Plaintiffs for family, personal, or household purposes in that it was allegedly incurred by Plaintiffs from their lease of an apartment.

37. The Debt Collector took assignment of the Debts after the Debts were in default.

38. On or about March 8, 2017, the Debt Collector sent Plaintiffs their first collection letters regarding the Debts.

39. In the letters, the Debt Collector demands Plaintiffs pay $2,799.96, plus interest for the First Debt.

40. In the letters, the Debt Collector requests an amount of the First Debt that is false and misleading.

41. The Debt Collector's attempt at collecting the false amount of the First Debt was unfair and unconscionable.

42. The Debt Collector's reporting of the improper amount of the First Debt on Plaintiffs' credit report is false and misleading.

43. The least sophisticated consumer would be misled by the Debt Collector's attempt at collecting the First Debt.

## COUNT I
### (Violations of FDCPA, 15 U.S.C. § 1692 *et seq.*)

44. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

45. The FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

46. The FDCPA prohibits a debt collector from making any false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

47. The FDCPA prohibits a debt collector from communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

5

48. The FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

49. The Debt Collector violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692(f) by reporting a false amount of the First Debt on Plaintiffs' credit reports and sending collection letters to the Plaintiffs that included a false amount of the First Debt.

50. Plaintiffs have suffered and continue to suffer damages as a result of the Debt Collector's conduct in an amount to be determined at trial.

51. Plaintiffs continue to suffer from emotional distress from the Debt Collector's conduct.

## COUNT II
### (Violations of CFDCPA, C.R.S. § 12-14-101 *et seq.*)

52. Plaintiffs incorporate all of the foregoing allegations by reference as though fully set forth herein.

53. The CFDCPA prohibits a debt collector from engaging in any false representation of the character, amount, or legal status of any debt. C.R.S. § 12-14-107(1)(a).

54. The CFDCPA prohibits a debt collector from engaging in any false representation or deceptive means to collect or attempt to collect any debt. C.R.S. § 12-14-107(k).

55. The CFDCPA prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false. C.R.S. § 12-14-107(1)(h)(i).

56. The CFDCPA prohibits a debt collector from the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. C.R.S. § 12-14-108(1)(8).

57. The Debt Collector violated C.R.S. §§ 12-14-107(1)(a), (k), (1)(h)(i), and 12-14-108(1)(8), and (1)(j), by seeking to collect the false amount of the First Debt from Plaintiffs and reporting the false amount of the First Debt on Plaintiffs' credit reports.

58. Plaintiffs have suffered damages as a result of the Debt Collector's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Shawn and Iris Miller pray for relief and judgment against the Debt Collector, as follows:

1. Awarding Plaintiffs actual and statutory damages pursuant to 15 U.S.C. § 1692k;

2. Awarding Plaintiffs actual and other damages pursuant to C.R.S. § 12-14-113(1);

3. Awarding Plaintiffs reasonable attorney fees and costs incurred in this action;

4. Awarding Plaintiffs pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiffs Shawn and Iris Miller are entitled to and hereby demand a trial by jury.

Dated: July 24, 2017

    Respectfully submitted,

/s/ Ahson Wali  
Ahson B. Wali  
Elinoff & Associates LLC  
4280 Morrison Road  
Denver, CO 80219  
Ph: (303)335-0250  
Fax: (303)296-4586  
Email: aw@elinofflegal.com